

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 17, 1951

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-1242

Re: Compensation of the
judges of the 125th
District Court, the
135th District Court,
and the Criminal
District Court No. 3
for Harris County
during the next bi-
ennium.

Dear Sir:

Your request for an opinion reads in part as follows:

"There were 136 district courts in being before the Fifty-second Legislature met. The Legislature created five new courts namely: the 132nd by Senate Bill Number 17, the 88th by House Bill Number 195, the 125th by House Bill Number 392, the Criminal District Court Number 3 of Harris County by House Bill Number 311 and the 135th district court by Senate Bill Number 408, making a total of 141 district courts.

"The Fifty-second Legislature passed Senate Bill Number 79 which raised the District and Criminal District Judges' salary to $9,000.00 per year. It also appropriated money to pay 139 district judges at the rate of $7,000.00 per year by passing House Bill Number 426. This Legislature also passed Senate Bill Number 467 making appropriation to supplement the appropriation in House Bill Number 426.

"This department would like to know which three district courts of the five new ones created will be included in House Bill

Number 426 and Senate Bill Number 467 as to paying the salary of their district judges at the rate of $9,000.00 per year on and subsequent to September 1, 1951? For your information, House Bill Number 392 and House Bill Number 311 make an appropriation of $7,000.00 for each year of the biennium to pay the salary of the district judges of the 125th District Court and the Criminal District Court Number 3 of Harris County. In the event you hold that the District Judge of the 135th District Court does not have money appropriated to him by House Bill Number 426, is there any money appropriated under any other Act to pay his salary on and after September 7, 1951?

House Bill 426, Acts 52nd Leg., 1951 (passed May 10, 1951 and approved by the Governor on June 28, 1951), appropriates to the Judiciary Section of the Comptroller's office $973,000.00 per annum for the payment of "Salaries of 139 District Judges and Criminal District Judges at $7,000.00 per year." There was appropriated by House Bill 426 the sum of $108,000.00 per annum to the Supreme Court for payment of "Salaries: Judges, 9 at $12,000.00 per year"; the sum of $60,000.00 per annum to the Court of Criminal Appeals and Commission in Aid of Court of Criminal Appeals for payment of "Salaries: 1. Judges, 3 at $12,000.00 per year; 2. Judges of Commission in Aid of Court of Criminal Appeals, 2 at $12,000.00 per year"; the sum of $330,000.00 per annum for payment of salaries of the Judges of Courts of Civil Appeals (33) at $10,000.00 per year."

The above mentioned appropriations were supplemented by the enactment of Senate Bill 467, Acts 52nd Leg., 1951 (passed June 7, 1951 and approved by the Governor June 21, 1951), which appropriated "for each year of the biennium beginning September 1, 1951 and ending August 31, 1953, the sum of Three Hundred Eighty-six Thousand Dollars ($386,000.00) to supplement the appropriation for the judiciary salaries provided in H. B. 426, 52nd Legislature, Regular Ses., 1951, this supplemental appropriation, to pay the additional rate of salaries of the

Justices, Judges, and Commissioners of the Supreme Court, Court of Criminal Appeals, Courts of Civil Appeals, District Courts and Criminal District Courts as provided in S. B. 79, 52nd Legislature, Regular Session, 1951." Emphasis added.

Senate Bill 79, Acts 52nd Leg., 1951 (passed May 17, 1951), increased the salaries from and after August 31, 1951 of (a) the Justices of the Supreme Court and the Judges and Commissioners of the Court of Criminal Appeals to $15,000.00 per annum; (b) Justices of the Courts of Civil Appeals to $12,000.00 per annum; and (c) Judges of the District Courts and Criminal District Courts to $9,000.00 per annum. Therefore, it is our opinion that Senate Bill 467 supplements the appropriation in House Bill 426 in the following amounts:

1. Salaries of Justices of the Supreme Court (9)

$27,000 per annum ($3,000 times 9)

2. Salaries of Judges of the Court of Criminal Appeals (3)

$9,000 per annum ($3,000 times 3)

3. Salaries of the Commissioners of the Court of Criminal Appeals (2)

$6,000 per annum ($3,000 times 2)

4. Salaries of the Justices of the Courts of Civil Appeals (33)

$66,000 per annum ($2,000 times 33)

5. Salaries of the Judges of the District Courts and Criminal District Courts (139)

$278,000 per annum ($2,000 times 139)

Section 2 of Senate Bill 467, supra, provides:

"Payment of salaries under this appropriation shall be made in accordance with the provisions of House Bill No. 426, 52nd Legislature, Regular Session, 1951."

In view of the foregoing, it was clearly the intention of the Legislature in the enactment of Senate Bill 467 to supplement only those salaries prescribed in House Bill 426. In other words, only the salaries of the Judges of the 139 District Courts and Criminal District Courts provided in House Bill 426 were supplemented rather than 141 District Courts and Criminal District Courts which will be in existence on September 7, 1951.

Therefore, the question for our determination is the applicability of House Bill 426 to the Judges of the 88th, 125th, 132nd, and 135th Judicial Districts and the Judge of the Criminal District Court No. 3 of Harris County all of which were created by the 52nd Legislature.

The 88th Judicial District was created by House Bill 195, Acts 52nd Leg., 1951, which was passed April 4, 1951, and became effective April 20, 1951 (date of Governor's signature), since it contained an emergency clause and passed both Houses by the required two-thirds record vote (House 109 - 12 and Senate 29 - 1). No appropriation is contained in House Bill 195. However, House Bill 794 of the 52nd Legislature makes an appropriation to the Judiciary Section of the Comptroller's office in payment of the salary of the Judge of the 88th Judicial District. This appropriation expires August 31, 1951.

The 125th Judicial District was created by House Bill 392, Acts 52nd Leg., 1951, which was passed May 15, 1951 and became effective June 1, 1951 (date of Governor's signature), since it contained an emergency clause and passed both Houses by the required two-thirds record vote (House 120 - 1 and Senate 21 - 5). Section 4 of House Bill 392, Acts 52nd Leg., 1951, ch. 308, p. 504, provides:

"There is hereby appropriated out of funds in the State Treasury not otherwise appropriated for the current biennium ending August 31, 1951, the sum of Two Thousand Dollars ($2,000), or so much thereof as is necessary to pay the salary of the

Judge of the said court, as provided by law for District Judges; there is hereby appropriated out of funds in the State Treasury for the fiscal year commencing September 1, 1951, and ending August 31, 1952, the sum of Seven Thousand Dollars ($7,000) or so much thereof as is necessary to pay the salary of the Judge of said court; there is hereby appropriated out of funds in the State Treasury not otherwise appropriated for the fiscal year commencing September 1, 1952, and ending August 31, 1953, the sum of Seven Thousand Dollars ($7,000), or so much thereof as is necessary to pay the salary of the Judge of said court."

The 132nd Judicial District was created by Senate Bill 17, Acts 52nd Leg., 1951, which was passed on February 15, 1951 and became effective February 22, 1951 (date of Governor's signature), since it contained an emergency clause and passed both Houses by the required two-thirds record vote (House 112 - 0 and Senate 26 - 1). No appropriation is contained in Senate Bill 17. However, House Bill 795 of the 52nd Legislature makes an appropriation to the Judiciary Section of the Comptroller's office in payment of the salary of the Judge of the 132nd Judicial District. This appropriation expires August 31, 1951.

The 135th Judicial District was created by Senate Bill 408, Acts 52nd Leg., 1951, which was passed May 22, 1951 and will become effective September 7, 1951 (90 days after date of adjournment of the Legislature), since it was passed by a viva voce vote in the Senate. No appropriation is contained in Senate Bill 408.

The Criminal District Court No. 3 of Harris County was created by House Bill 311, Acts 52nd Leg., 1951, which was passed May 16, 1951 and became effective June 1, 1951 (date of Governor's signature), since it contained an emergency clause and passed both Houses by the required two-thirds record vote (House 124 - 0 and Senate 27 - 2). Section 7 of House Bill 311, Acts 52nd Leg., 1951, ch. 307, p. 500, provides:

"There is hereby appropriated out of funds in the State Treasury not otherwise appropriated for the current biennium ending August 31, 1951 the sum of Two Thousand Dollars ($2,000), or so much thereof as is necessary to pay the salary of the judge of said court, as provided by law for district judges; there is hereby appropriated out of funds in the State Treasury for the fiscal year commencing September 1, 1951, and ending August 31, 1952, the sum of Seven Thousand Dollars ($7,000), or so much thereof as is necessary to pay the salary of the judge of said court; there is hereby appropriated out of funds in the State Treasury not otherwise appropriated for the fiscal year commencing September 1, 1952, and ending August 31, 1953, the sum of Seven Thousand Dollars ($7,000), or so much thereof as is necessary to pay the salary of the judge of said court."

You have informed us in your request that prior to the convening of the 52nd Legislature, there were in existence 136 district courts and criminal district courts As noted above, prior to the passage of House Bill 426 on May 10, 1951, the 52nd Legislature created two additional judicial districts: namely, the 88th and 132nd. Subsequent to the passage of House Bill 426, the 52nd Legislature created the 125th and 135th Judicial District Courts and the Criminal District Court No. 3 of Harris County.

Since the 52nd Legislature created five district courts and criminal district courts in addition to the 136 already in existence and appropriated money in the general appropriation act (H.B. 426) for 139 district judges, it obviously intended for the act to be applicable to the 88th, 132nd, and 135th Judicial Districts, for the acts creating these districts contained no appropriation, while the acts creating the 125th Judicial District and the Criminal District Court No. 3 of Harris County contained appropriations for payment of the respective salaries of the judges of those courts. By this construction we give effect to each act of the Legislature.

You are therefore advised that the salaries
of the judges of the 88th, 132nd, and 135th District
Courts are to be paid from the appropriations contained
in House Bill 426 as supplemented by Senate Bill 467.
The salary of the Judge of the 125th District is to be
from the appropriation contained in Section 4 of House
Bill 392. The salary of the Judge of the Criminal Dis-
trict Court No. 3 of Harris County is to be paid from the
appropriation contained in Section 7 of House Bill 311.
It is also noted that Senate Bill 79 constitutes pre-
existing law authorizing the Legislature at a future date
to appropriate an additional amount of money sufficient
to pay the Judge of the 125th Judicial District and the
Judge of the Criminal District Court No. 3 of Harris
County a total of $9,000 per annum each for the biennium
in which there has been appropriated thus far only $7,000
per annum.

The appropriation contained in House Bill 426
as supplemented by House Bill 467 cannot be made available
to the Judge of the 135th Judicial District until the ef-
fective date (September 7, 1951) of the act (S. B. 408)
creating the court. Tex. Const., Art. III, Sec. 44.

We would like to point out that Section 2 of
House Bill 775 of the 52nd Legislature (Art. 3912e-4c,
V. C. S.), applicable to counties having a population of
600,000 or more inhabitants, provides:

"In all such Counties, the Judges of the
several District and Criminal District Courts
shall each receive from County funds for all
judicial and administrative services required
of them an annual salary or allowance of Five
Thousand Dollars ($5,000), to be paid by the
Commissioners Court out of any funds available
for that purpose, in twelve (12) equal month-
ly installments. The additional compensation
provided to be paid to the District Judges
shall be in lieu of all other compensation
heretofore provided to be paid such Judges
out of County funds; but shall be in addition
to the salary payable out of State funds in

such counties, provided however any amount paid by the State in excess of Seven Thousand Dollars ($7,000) shall reduce the County's payment by the same amount, provided however that the salary of the Judges of the several District and Criminal District Courts of such Counties from both State and County funds shall not exceed Twelve Thousand Dollars ($12,000) per annum."

By virtue of the above quoted provisions, Harris County is authorized to pay the Judge of the 125th Judicial District and the Judge of the Criminal District Court No. 3 of Harris County an annual salary of $5,000.00 for all judicial and administrative services required of them in addition to the $7,000.00 paid by the State. Harris County is also authorized to pay the remaining district judges and the criminal district judges an annual salary of $3,000.00 for all judicial and administrative services required of them in addition to the $9,000.00 to be paid by the State. Therefore, all district judges and criminal district judges in counties having a population of 600,000 or more inhabitants may be paid an annual salary of $12,-000.00 from State and County funds.

## SUMMARY

The Comptroller of Public Accounts is authorized to pay the salaries of the Judges of the 88th, 132nd, and 135th District Courts out of the appropriations contained in House Bill 426, Acts 52nd Leg., 1951 (General Appropriation Act), as supplemented by Senate Bill 467, Acts 52nd Leg., 1951. The salary of the Judge of the 125th District Court may be paid from the appropriation contained in Section 4, of House Bill 392, Acts 52nd Leg., 1951. The salary of the Judge of the Criminal

District Court No. 3 of Harris County may be paid from the appropriation contained in Section 7 of House Bill 311, Acts 52nd Leg., 1951.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

JR:mw:awo

Yours very truly,

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant